IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY BURTS,

      Plaintiff,                         No. CIV S-08-3153 EFB P

   vs.

GAMBERG, et al.,

      Defendants.             <u>ORDER</u>

                               /

      Tony Burts, an inmate confined at High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). On November 20, 2009, the court dismissed plaintiff's original complaint with leave to amend. Dckt. No. 6. Plaintiff filed an amended complaint on December 9, 2009. Dckt. No. 11. Additionally, plaintiff requested the appointment of counsel on February 5, 2010. Dckt. No. 14. For the reasons set forth below, the court finds that plaintiff's amended complaint fails to state any claims for which relief can be granted under section 1983. Therefore, the court will dismiss plaintiff's claims with prejudice and deny plaintiff's request for counsel.

////

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In its November 20, 2009 order, the court explained that plaintiff had failed to state a claim against defendants Weeks, Santana and Gamberg under the Due Process Clause, because plaintiff had not alleged that the confiscation of his property was authorized, nor had he alleged any facts suggesting he was deprived of due process. Dckt. No. 6 at 3. In his amended complaint, plaintiff fails to cure these deficiencies. The court also explained in its November 20, 2009 order that plaintiff failed to state a claim against defendants Jackson or Grannis because he had not linked either defendant to any act or omission that would indicate a deprivation of plaintiff's federal rights. *Id.* It appears that plaintiff now attempts to impose liability against defendant Jackson and Grannis based on their handling of plaintiff's administrative appeals. However, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). The alleged failings of defendants Jackson and Grannis with respect to plaintiff's inmate appeals cannot support a claim for relief for violation of a constitutional right and will therefore be dismissed without leave to amend.

Plaintiff has also requested that the court appoint counsel. Dckt. No. 14. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 5, 2010 motion for appointment of counsel is denied.

2. This action is dismissed for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Dated: May 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE